**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DEMETRIOS DAMPLIAS, | : | |
| | : | Civil Action No. 09-3186 (MLC) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Demetrios Damplias, petitioner pro se
South Woods State Prison, Bridgeton, New Jersey

**COOPER**, District Judge

Petitioner, Demetrios Damplias, a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The named respondents are the State of New Jersey and the Attorney General of New Jersey.

## I.   BACKGROUND

Pursuant to a 1996 jury trial in New Jersey Superior Court, Law Division, Middlesex County, Petitioner was convicted of murder, in violation of N.J.S.A. § 2C:11-3a(1) and (2), and

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

possession of a weapon for an unlawful purpose, in violation of N.J.S.A. § 2C:39-4.  Petitioner was sentenced to a term of life imprisonment, with a 30-year parole disqualifier, pursuant to which he is now confined.  On January 30, 1998, the New Jersey, Appellate Division affirmed Petitioner's conviction.  On May 21, 1998, the New Jersey Supreme Court denied certification.  State v. Damplias, 154 N.J. 607 (1998).

Petitioner asserts that he filed a petition for post-conviction relief on September 19, 2000.  The trial court denied relief on April 28, 2006.  On April 25, 2008, the Appellate Division affirmed the denial of relief.  On September 5, 2008, the New Jersey Supreme Court denied certification.

This Petition, dated June 20, 2009, followed.  Petitioner asserts the following claims: (1) ineffective assistance of trial counsel based on failure to (a) consult regarding trial strategy and available defenses (especially as to the differences between a defense of passion/provocation and self-defense), (b) object to the jury instructions regarding murder and passion-provocation manslaughter, and (c) object to the admission of a blood-stained blanket seized from Petitioner's house; (2) ineffective assistance of appellate counsel based on failure to raise the aforementioned claims of ineffective assistance of trial counsel, failure to raise a claim that the verdict was against the weight of the evidence, and other unspecified failure to communicate with

2

Petitioner; (3) the trial court erroneously introduced certain evidence, including an enhanced answering machine cassette tape, the victim's hearsay statements relating to her desire to divorce Petitioner, and hearsay testimony regarding Petitioner's alleged threats toward the victim; (4) improper jury instructions as to the use of the hearsay threat evidence; (5) the evidence is not sufficient to sustain the verdict; and (6) the post-conviction relief court erred in denying the motion for post-conviction relief without an evidentiary hearing and on the grounds that certain claims were procedurally barred.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

28 U.S.C. § 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled

to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985); see also 28 U.S.C. §§ 2243, 2254, 2255.

### III.  ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[2] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Petitioner alleges no facts suggesting that the limitations periods set forth in subsections 2244(d)(1)(B), (C), (D), should

---

[2] The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

4

apply to his claims. Thus, evaluation of the timeliness of all claims asserted in this § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  Here, Petitioner's judgment became "final" on August 19, 1998, 90 days after the New Jersey Supreme Court denied certification on May 21, 1998.  Barring some sort of tolling, the limitations period for Petitioner to file his federal habeas petition expired on August 19, 1999.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive

5

>   filers, or on all filers generally. But in common
>   usage, the question whether an application has been
>   "properly filed" is quite separate from the question
>   whether the claims contained in the application are
>   meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on grounds that they were previously determined on merits upon appeal from judgment of conviction or that they could have been raised on direct appeal but were not).

According to the Petition's allegations, the state court motion for post-conviction relief was not "filed" until September 19, 2000, more than a year after the federal limitations period had expired. Accordingly, the state motion for post-conviction relief did not statutorily toll the federal limitations period.

The limitations period of § 2244(d) also is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

>   only when the principles of equity would make the rigid
>   application of a limitation period unfair. Generally,
>   this will occur when the petitioner has in some
>   extraordinary way been prevented from asserting his or
>   her rights. The petitioner must show that he or she
>   exercised reasonable diligence in investigating and
>   bringing the claims. Mere excusable neglect is not
>   sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).  Among other circumstances, equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  Jones, 195 F.3d at 159.  Petitioner here has alleged no facts that would suggest a basis for equitable tolling.

A "pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  This Petition was dated June 20, 2009, and for purposes of this Opinion the Court will deem the Petition "filed" as of that date.  Thus, it appears that this Petition was filed almost ten years after the limitations period expired on August 19, 1999, and must be dismissed with prejudice as untimely.  Petitioner will be ordered to show cause why the Petition should not be dismissed.

To the extent Petitioner contends that the Petition is timely and should proceed, he is further advised of the following issues that must be addressed in response to the Order to Show Cause.  This Court is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify habeas petitioners of the following consequences of filing such a Petition and to give them an opportunity to file one all-inclusive § 2254 Petition.

Prisoners challenging the legality of their detention pursuant to the judgment of a state court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the state judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d).  In his response to the Order to Show Cause, Petitioner must advised the Court whether he wishes to (a) have this Petition ruled upon as filed, or (b) withdraw this Petition and file one all-inclusive § 2254 petition subject to the one-year statute of limitations.  If Petitioner chooses to have this Petition ruled upon as filed, he will lose the ability to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.

In addition, this Petition fails to name a proper respondent.

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  "[T]hese provisions contemplate a proceeding against some person who has

the <u>immediate</u> <u>custody</u> of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."  <u>Wales v. Whitney</u>, 114 U.S. 5674, 574 (1885) (emphasis added).

> In accord with the statutory language and <u>Wales</u>' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

<u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-36 (2004) (citations omitted).

Thus, under the circumstances of this case, the warden of the facility where the Petitioner is held is an indispensable party respondent, for want of whose presence the Petition must be dismissed.  If Petitioner contends that this Petition is timely, and he wishes to proceed with the Petition as filed, he must accompany his response to the Order to Show Cause with a proposed amendment to the Petition naming a proper respondent.[3]

---

[3] Petitioner need not re-submit the attachments to the Petition.

9

## IV.   CONCLUSION

For the reasons set forth above, Petitioner will be ordered to show cause why the Petition should not be dismissed with prejudice as untimely.  An appropriate order follows.


                                        s/ Mary L. Cooper
                                   **MARY L. COOPER**
                                   United States District Judge

Dated:  July 13, 2009