**NOT FOR PUBLICATION**

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
                                      :
DEMETRIOS DAMPLIAS,                   :
                                      :   CIVIL ACTION NO. 09-3186 (MLC)
            Petitioner,               :
                                      :
       v.                             :       O P I N I O N
                                      :
STATE OF NEW JERSEY, et al.,          :
                                      :
            Respondents.              :
                                      :
```

**APPEARANCES:**

Demetrios Damplias, Petitioner pro se
South Woods State Prison, 215 Burlington Road S.
Bridgeton, NJ 08302

**COOPER**, District Judge

Petitioner, Demetrios Damplias, a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, submits a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The named respondents are the State of New Jersey and the Attorney General of New Jersey.

### BACKGROUND

Pursuant to a 1996 jury trial in New Jersey Superior Court, Law Division, Middlesex County, Petitioner was convicted of murder, in violation of N.J.S.A. § 2C:11-3a(1) and (2), and possession of a weapon for an unlawful purpose, in violation of N.J.S.A. § 2C:39-4.  Petitioner was sentenced to a term of life imprisonment, with a 30-year parole disqualifier, pursuant to which he is now confined.  On January 30, 1998, the New Jersey

Appellate Division affirmed Petitioner's conviction.  On May 21, 1998, the New Jersey Supreme Court denied certification.  <u>State v. Damplias</u>, 154 N.J. 607 (1998).

Petitioner filed a petition for post-conviction relief on September 19, 2000.  The trial court denied relief on April 28, 2006.  On April 25, 2008, the Appellate Division affirmed the denial of relief.  On September 5, 2008, the New Jersey Supreme Court denied certification.

This Petition, dated June 20, 2009, followed.  Damplias asserts: (1) ineffective assistance of trial counsel based upon failure to (a) consult regarding trial strategy and available defenses (especially concerning the defenses of passion, provocation, and self-defense), (b) object to the jury instructions regarding murder and passion-provocation manslaughter, and (c) object to the admission of a blood-stained blanket seized from Petitioner's house; (2) ineffective assistance of appellate counsel based upon failure to raise the aforementioned claims of ineffective assistance of trial counsel, failure to raise a claim that the verdict was against the weight of the evidence, and other unspecified failure to communicate with Petitioner; (3) the trial court erroneously introduced certain evidence, including an enhanced answering machine cassette tape, the victim's hearsay statements relating to her desire to divorce Petitioner, and hearsay testimony regarding


Petitioner's alleged threats toward the victim; (4) improper jury instructions regarding the use of the hearsay threat evidence; (5) the evidence is not sufficient to sustain the verdict; and (6) the post-conviction relief court erred in denying the motion for post-conviction relief without an evidentiary hearing and on the grounds that certain claims were procedurally barred.

Because it appeared that this Petition was time-barred, this Court ordered Petitioner to show cause why the Petition should not be dismissed. (Dkt. entry no. 3.) Petitioner has responded.

### STANDARDS FOR A SUA SPONTE DISMISSAL

28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996);

Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985); see also 28 U.S.C. §§ 2243, 2254, 2255.

## ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[1] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Petitioner alleges no facts suggesting that the limitations periods set forth in subsections 2244(d)(1)(B), (C), (D), should apply to any of his claims.  Thus, evaluation of the timeliness of

---

[1] The limitations period is applied on a claim-by-claim basis.  See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

all claims asserted in this Petition requires a determination of, first, when the pertinent judgment became "final," and, second, the time period during which an application for state post-conviction relief was "properly filed" and "pending".

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S.Sup.Ct.R. 13.  Here, Petitioner's judgment became "final" on August 19, 1998, 90 days after the New Jersey Supreme Court denied certification on May 21, 1998.  Barring some sort of tolling, the limitations period for Petitioner to file his federal habeas petition expired on August 19, 1999.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been

> "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (cites and footnote omitted) (finding petition not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on grounds that they were previously determined on merits upon appeal from judgment of conviction or that they could have been raised on direct appeal but were not).

Petitioner's state court motion for post-conviction relief was not "filed" until September 19, 2000, more than a year after the federal limitations period had expired. Accordingly, the state motion for post-conviction relief did not statutorily toll the federal limitations period.

The limitations period of § 2244(d) also is subject to equitable tolling. <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999); <u>Miller v. N.J. State Dep't of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

<u>Miller</u>, 145 F.3d at 618-19 (cites and punctuation marks omitted). Among other circumstances, equitable tolling may be appropriate

6

"if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  Jones, 195 F.3d at 159.

Petitioner argues that the federal limitations period was equitably tolled.  He states that he retained private counsel to represent him in post-conviction proceedings "immediately" after the denial of certification on May 21, 1998.  He states that his counsel advised him that he had a five-year period in which to file for post-conviction relief in state court, but that federal habeas corpus proceedings would not toll the state limitations period.  Petitioner states that his counsel further advised him that, should he be unsuccessful in his state petition for post-conviction relief, he would then have one year in which to file a federal petition for habeas corpus relief.[2]

Ineffective assistance of counsel is not generally considered an extraordinary circumstance where the ineffectiveness is due to counsel's negligence or mistake.  See Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that, in non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" (cite and internal quotes omitted)).  Serious attorney misconduct,

---

[2] Petitioner alleges that he is marginally literate in English, but he is able to articulate the advice he received from counsel in 1998.

7

however, such as lying to a client about whether a post-conviction motion has been filed, may warrant equitable tolling. See, e.g., United States v. Martin, 408 F.3d 1089, 1093-95 (8th Cir. 2005).  Even in the face of egregious attorney misconduct, a petitioner must demonstrate that he exercised reasonable diligence to bring his claims timely.  Schlueter v. Varner, 384 F.3d 69, 77-78 (3d Cir. 2005).

Counsel's allegedly incorrect advice here regarding the federal limitations period does not rise to the level of serious attorney misconduct that would justify equitable tolling of the limitations period for filing a federal habeas petition.

This Petition was dated June 20, 2009, and for purposes of this decision the Court will deem the Petition "filed" as of that date.[3]  Thus, this Petition was filed almost ten years after the limitations period expired on August 19, 1999, and must be dismissed with prejudice as untimely.

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant

---

[3] "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  No certificate of appealability shall issue.

## CONCLUSION

The Petition will be dismissed with prejudice.  The Court will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper  
                                        **MARY L. COOPER**  
                                        United States District Judge

Dated:     March 11, 2010